**AFFIRMED and Opinion Filed November 27, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01318-CV

### TEDROS TESEAMICAEL HAILU, Appellant
### V.
### DIANA LOPEZ MORENO, Appellee

**On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-22-15730**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

Tedros Teseamicael Hailu appeals a judgment following a bench trial awarding Diana Lopez Moreno possession of property, damages under the Texas Deceptive Trade Practices Act, statutory penalties under the Texas Property Code, and attorney's fees. In a single issue, Hailu contends the judgment must be reversed because Moreno failed to comply with the DTPA's notice requirement. Concluding Hailu waived his objection to lack of notice, we affirm the trial court's judgment.

## Background[1]

In 2005, Moreno purchased a townhome from Wood Sisters Minor Trust (WSMT) for $37,000. Under the terms of the purchase contract, Moreno paid $5,000 at the time the contract was signed, and the remainder was to be paid in monthly installments over a period of twenty years. Once the purchase price was paid in full, the house would be conveyed to Moreno by general warranty deed. WSMT transferred its interest in Moreno's purchase contract to Hailu in 2010. Moreno was instructed to continue making payments as she had before.

In 2021, a dispute arose between Moreno and Hailu about alleged missed payments and the amount due under the contract. Moreno testified she attempted to pay the full amount still owed, which she calculated to be $13,862.19, but Hailu refused to accept the check. Moreno then hired an attorney, Guillermo Ramos, who sent Hailu a letter with the subject line "Notice of Deceptive Trade Practices Violation Pursuant to Tex. Bus. & Com. Code § 17.505 et seq." Ramos re-tendered Moreno's check for $13,862.19 stating Hailu had "a duty to accept payment and if you dispute the amount you should apply the amount of the payment to the balance owed and send a statement reflecting the amount owed to pay the loan amount." The letter further stated the settlement offer would be valid for sixty days and, if Hailu refused to accept and apply the check, Moreno would file suit alleging claims under

---

[1] We recount only those facts necessary to resolve the issue presented.

the DTPA and the Texas Property Code. Hailu did not accept Moreno's check and multiple letters were exchanged between the parties and their counsel over the following year in an attempt to resolve the matter.

On November 11, 2022, Moreno filed this suit seeking a declaration of the amount due under the contract, title to the property, actual damages, treble damages under the DTPA, and attorney's fees. Following a trial before the court without a jury, the court signed a final judgment declaring the total amount owed by Moreno was $16,795.90 and, after payment of this amount, Hailu would be divested of title to the property which would be conveyed to Moreno. The court additionally awarded Moreno damages under the DTPA, statutory penalties under the property code, and attorney's fees.

Hailu filed a motion for new trial arguing in a single sentence that the "Court's calculation of damages was improper." The motion was overruled by operation of law, and Hailu brought this appeal

**Analysis**

In his sole issue, Hailu contends the trial court's judgment must be reversed because Moreno failed to comply with the DTPA's notice requirements. Under the DTPA, it is a prerequisite to filing suit that a plaintiff give written notice to the defendant at least sixty days before suit is filed advising the defendant in reasonable detail of the plaintiff's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorney's fees, if any. TEX.

BUS. & COM. CODE ANN. § 17.505(a). If the plaintiff fails to give the required notice, the proper remedy is not dismissal, but an abatement of the proceedings for sixty days to allow the plaintiff to comply. *Hines v. Hash*, 843 S.W.2d 464, 468–69 (Tex. 1992). An objection to lack of proper notice is timely if it is made with the filing of the answer or very soon thereafter. *Id*. at 469. The failure to make a timely request for abatement waives any objection to lack of notice. *Kyle v. Zepeda*, No. 01-11-00388-CV, 2013 WL 2246030, at *10 (Tex. App.—Houston [1st Dist.] May 21, 2013, no pet.) (mem. op.).

Hailu did not raise the issue of insufficient notice until this appeal. He asserts he preserved error by filing a motion for new trial arguing the trial court miscalculated damages. This assignment of error was too general to apprise the trial court of any complaint with respect to the DTPA notice requirement. *See* TEX. R. CIV. P. 322. It was also too late to allow the trial court to abate the proceedings to fulfill the notice requirement's purpose. *See Hines*, 843 S.W.2d at 469. Accordingly, even assuming Moreno's notice did not comply with the DTPA, we conclude Hailu waived his right to challenge the notice on appeal. *See id*. We overrule Hailu's sole issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

231318F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEDROS TESEAMICAEL HAILU,
Appellant

No. 05-23-01318-CV        V.

DIANA LOPEZ MORENO,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-15730.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DIANA LOPEZ MORENO recover her costs of this appeal and the full amount of the trial court's judgment from appellant TEDROS TESEAMICAEL HAILU and from the cash deposit in lieu of cost bond. After all costs have been paid, the clerk of the Dallas District Court is directed to release the balance, if any, of the cash deposit to TEDROS TESEAMICAEL HAILU.

Judgment entered November 27, 2024